IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EGHOSA OBARETIN, A#062034677, | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:20-cv-2805-E-BN |
| WILLIAM BARR, ET AL., | | |
| Respondents. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Eghosa Obaretin, detained at ICE's Prairieland Detention Center, pending his removal from the United States, filed a *pro se* 28 U.S.C. § 2241 petition, raising two independent grounds: (1) that his mandatory detention based on the immigration judge's ("IJ") determination that Obaretin's conviction is an aggravated felony is unconstitutional because the IJ's determination has been appealed to the Board of Immigration Appeals; and (2) that his continued detention during the ongoing pandemic violates the Fifth and Eighth Amendments. *See* Dkt. No. 3.

Related to the second ground, Obaretin filed an Emergency Motion for Temporary Restraining Order and Temporary Release in Response to the COVID-19 Pandemic [Dkt. No. 4] (the "TRO motion").

The Court referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

While the Court should consider Obaretin's first ground for relief in the regular

course – requiring that he pay the filing fee or move for leave to proceed *in forma pauperis*, after which the Court will order the government to respond to this ground and allow Obaretin an opportunity to reply – the undersigned enters these findings of fact, conclusions of law, and recommendation concerning the second ground and the TRO motion and recommends that the Court dismiss that ground for relief without prejudice for lack of subject matter jurisdiction and thereby deny the TRO motion.

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted).

And to obtain either, Obaretin must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

"As a threshold matter, the Court may not issue a TRO in this case because (a)

[Obaretin] has not sworn to specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to him before the [Respondents] can be heard in opposition, and (b) [he] has not certified in writing any efforts made to give notice of the filing of the request for a TRO to the [BOP defendants] and the reasons why such notice should not be required." *Ray v. La. Dep't of Public Safety & Corrs.*, Civ. A. No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016) (citing FED. R. CIV. P. 65(b)(1)).

Nonetheless, and to the extent that he seeks a preliminary injunction, Obaretin cannot show a substantial likelihood that he will prevail on the merits of conditions-of-confinement claims presented in a Section 2241 habeas petition, because, as explained below, the Court lacks subject matter jurisdiction over such claims made in habeas proceedings. *See, e.g., Nianga v. Wolfe*, 435 F. Supp. 3d 739, 743 (N.D. Tex. 2020) ("Federal courts are courts of limited jurisdiction and must therefore 'affirmatively ascertain subject-matter jurisdiction before adjudicating a suit.' A party seeking a TRO can not establish a 'substantial likelihood of success on the merits' of his claim if the court concludes that it lacks jurisdiction to adjudicate the claim altogether." (citations omitted)).

Under Ground 2 (and the related TRO motion), Obaretin does not challenge the legal authority under which he is detained. That is, through this ground, he does not challenge "the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Obaretin instead challenges the legality of the conditions under which he is detained.

And, as multiple judges of this Court have recognized, even considering the exigencies caused by the COVID-19 pandemic, conditions-of-confinement claims are "not cognizable under Section 2241." *Cureno Hernandez v. Mora*, ___ F. Supp. 3d ___, No. 1:20-cv-104-H, 2020 WL 3246753, at *1 (N.D. Tex. June 15, 2020); *see also, e.g., Valencia v. Carr*, No. 4:20-cv-821-O, 2020 WL 4581645, at *2 (N.D. Tex. Aug. 7, 2020) ("Petitioner does not challenge the validity of her sentences or convictions or the BOP's administrative calculation of her release date, which is the traditional 'essence' of habeas corpus. It is the nature of the substantive legal claim itself and the pertinent factual allegations – in addition to the relief sought – that determines whether the claim challenges 'the validity of confinement' and thus sounds in habeas corpus. Petitioner's claims challenging unconstitutional conditions of confinement do not sound in traditional habeas corpus. Thus, a § 2241 habeas petition is not the proper vehicle for raising her claims, and this Court lacks jurisdiction to consider the claims and grant the declaratory and injunctive relief requested." (collecting cases; citations omitted)); *Umarbaev v. Moore*, No. 3:20-cv-1279-B, 2020 WL 3051448, at *5 (N.D. Tex., Jun. 6, 2020) ("In sum, aside from conditions of confinement alleged to be unconstitutional that, if proved to be true, will result in accelerated release, 'habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.'" (quoting *Pierre*, 525 F.3d at 935-36)); *Sanchez v. Brown*, No. 3:20-cv-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020) ("[H]abeas is not available to review questions unrelated to the cause of detention.

Its sole function is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. An inmate is not entitled to relief in a habeas corpus petition based on civil rights claims related to the conditions of his confinement. Plaintiffs do not challenge the cause of their detention or contend that they are being held for an improper duration. They seek release due to the conditions at the jail caused by COVID-19. The Court concludes it lacks jurisdiction over Plaintiffs' habeas action." (citations omitted)).

> Fifth Circuit precedent provides that unconstitutional conditions of confinement – even conditions that create a risk of serious physical injury, illness, or death – do not warrant release. Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. Rather, the proper remedy for unconstitutional conditions of confinement should be equitable – to enjoin the unlawful practices that make the conditions intolerable. Thus, "allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."

*Cureno Hernandez*, 2020 WL 3246753, at *4 (citations omitted); *see also Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam) ("Lineberry has not provided any authority for his argument that he is entitled to be released because he has allegedly been subjected to cruel and unusual punishment. His challenges to the conditions of confinement, even if proved to be true, will not result in his accelerated release. The proper remedy is to require the discontinuance of a practice or to require the correction of an unconstitutional condition. The district court correctly dismissed these claims without prejudice based on a determination that Lineberry must seek such remedies in a civil rights action." (citations omitted)).

Further, requesting the remedy of release does not transform an otherwise civil cause of action (a constitutional challenge to conditions of confinement) into a habeas claim. *See, e.g., Umarbaev*, 2020 WL 3051448, at *5 ("[M]erely requesting, as relief, release from custody does not convert an action into one under the habeas statute." (citations omitted); *Shah v. Wolf*, No. 3:20-cv-994-C-BH, 2020 WL 4456530, at *6 (N.D. Tex. July 13, 2020) ("A petitioner cannot simply transform a conditions-of-confinement claim into a habeas claim by, as here, requesting the habeas remedy of release and claiming the unconstitutional condition of confinement is the confinement itself. Because Petitioner ultimately challenges the conditions of his confinement and the appropriate remedy for which – i.e., discontinuance of the procedure or cessation of the unconstitutional conduct – would not result in Petitioner's accelerated release, § 2241 is not the proper avenue for the relief sought." (citations and footnote omitted)), *rec. adopted*, 2020 WL 4437484 (N.D. Tex. Aug. 3, 2020).

The Court therefore lacks subject matter jurisdiction over Ground 2 and thus cannot grant the related TRO motion. *See, e.g., Cureno Hernandez*, 2020 WL 3246753, at *6 ("[T]his Court, like most district courts to consider the issue, will follow the bright-line rule established by decades of Fifth Circuit precedent that conditions-of-confinement claims are not the proper subject matter for a writ of habeas corpus.").

**Recommendation**

The Court should dismiss the conditions-of-confinement claims included in Petitioner Eghosa Obaretin's habeas petition for lack of subject matter jurisdiction and deny his Emergency Motion for Temporary Restraining Order and Temporary

Release in Response to the COVID-19 Pandemic [Dkt. No. 4].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 11, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE