IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EGHOSA OBARETIN,<br>A#062034677, | § <br> § <br> § | |
| Petitioner, | § <br> § <br> § | |
| V. | § <br> § | No. 3:20-cv-2805-E-BN |
| WILLIAM BARR, ET AL., | § <br> § <br> § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Eghosa Obaretin, at least then detained at ICE's Prairieland Detention Center, pending his removal from the United States, filed a *pro se* 28 U.S.C. § 2241 petition, raising two independent grounds: (1) that his mandatory detention under 8 U.S.C. § 1226(c) based on the immigration judge's (the IJ) determination that Obaretin's conviction is an aggravated felony is unconstitutional because the IJ's determination has been appealed to the Board of Immigration Appeals; and (2) that his continued detention during the ongoing pandemic violates the Fifth and Eighth Amendments. *See* Dkt. No. 3.

Related to the second ground, Obaretin filed an Emergency Motion for Temporary Restraining Order and Temporary Release in Response to the COVID-19 Pandemic [Dkt. No. 4] (the TRO motion).

United States District Judge Ada Brown referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court has dismissed Obaretin's conditions-of-confinement claim (the second ground) for lack of jurisdiction and therefore denied the TRO motion. *See Obaretin v. Barr*, 2020 WL 5775822, at \*2-\*3 (N.D. Tex. Sept. 11, 2020), *rec. accepted*, 2020 WL 5761085 (N.D. Tex. Sept. 28, 2020); *see also Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[T]he Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."); *id.* ("As we noted in *Carson v. Johnson*, '[i]f "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," ... the proper vehicle is a § 1983 suit.' 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Both *Carson* and *Orellana* dealt with parole procedures that, if modified by the courts, would enhance a prisoner's eligibility for release but not compel that result. Similarly, that Rice might more likely be exposed to COVID-19 during confinement, and that he may have certain common underlying health conditions, taken together do not impugn the underlying legal basis for the fact or duration of his confinement.").

The government has filed a court-ordered response to the first ground, arguing that the mandatory detention claim should be dismissed. *See* Dkt. Nos. 10 & 11. And Obaretin replied. *See* Dkt. No. 12.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Obaretin's habeas application.

### Applicable Background

Obaretin does not dispute the applicable facts sets out in the government's

- 2 -

response. *See* Dkt. No. 12. Those are:

> Petitioner is a native and citizen of Nigeria. ([Dkt. No. 11 (App.)] p. 16.) On or about November 20, 2012, Petitioner was admitted to the United States as a Lawful Permanent Resident. (App. p. 16.) On September 26, 2017, Petitioner was convicted in the United States District Court for the Western District of Texas for Passport Fraud. (App. p. 1.) For this offense, Petitioner was sentenced to 40 months' imprisonment. (App. p. 2.) On September 17, 2018, Petitioner was served with a notice to appear for immigration removal proceedings, charging him with removability pursuant to INA § 237(a)(2)(A)(iii). (App. pp. 16-18.) Based on the charges for removability, Petitioner is subject to mandatory detention. (App. p. 18.)
>
> On March 24, 2020, Petitioner was ordered removed after the Immigration Judge denied all of his applications for relief. (App. p. 28, ¶ 6.) Petitioner reserved his right to appeal. (*Id.* at ¶ 7.) Petitioner failed to timely file his notice of appeal, and on June 23, 2020, the Board of Immigration Appeals summarily dismissed his appeal as untimely. (App. pp. 23-24.)
>
> On or about July 21, 2020, Petitioner, through an attorney, filed a motion to reconsider with the Board of Immigration Appeals, and filed a motion for stay of removal. (*See* App. p. 28, ¶ 11.) On August 17, 2020, the Board of Immigration Appeals granted a stay of removal pending the consideration of Petitioner's motion to reconsider. (App. p. 26.) As such, removal proceedings are currently pending.

Dkt. No. 10 at 1-2.

## Legal Standards and Analysis

"Federal courts lack subject-matter jurisdiction to review the merits of a removal order or the discretionary decisions of the Attorney General. But federal courts have subject-matter jurisdiction to consider an alien's constitutional challenges to continued detention." *Alexis v. Sessions*, Civ. A. No. H-18-1923, 2018 WL 5921017, at *4 (S.D. Tex. Nov. 13, 2018) (citations omitted).

Section 1226 governs the detention of noncitizens during removal proceedings. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018).

"[W]hile 8 U.S.C. § 1226(a) generally permits an alien to seek release …
, that provision's sentence on release states that all this is subject to an
exception that is set out in § 1226(c).

Section 1226(c) was enacted as part of the Illegal Immigration
Reform and Immigrant Responsibility Act of 1996, and it sprang from a
"concer[n] that deportable criminal aliens who are not detained continue
to engage in crime and fail to appear for their removal hearings in large
numbers." *Demore v. Kim*, 538 U.S. 510, 513 (2003). To address this
problem, Congress mandated that aliens who were thought to pose a
heightened risk be arrested and detained without a chance to apply for
release on bond or parole.

Section 1226(c) consists of two paragraphs, one on the decision to
take an alien into "[c]ustody" and another on the alien's subsequent
"[r]elease." The first paragraph (on custody) sets out four categories of
covered aliens, namely, those who are inadmissible or deportable on
specified grounds. It then provides that the Secretary must take any
alien falling into one of these categories "into custody" "when the alien
is released" from criminal custody.

The second paragraph (on release from immigration custody)
states that "an alien described in paragraph (1)" may be released "only
if [the Secretary] decides" that release is "necessary to provide
protection" for witnesses or others cooperating with a criminal
investigation, or their relatives or associates. That exception is not
implicated in the present cases.

The categories of predicates for mandatory detention identified in
subparagraphs (A)-(D) generally involve the commission of crimes….

*Nielsen v. Preap*, 139 S. Ct. 954, 960 (2019) (footnote omitted).

Obaretin's conviction for passport fraud, in violation of 18 U.S.C. § 1543, which

resulted in a sentence of 40 months of imprisonment, *see* Dkt. No. 11 at 3-10, was a

violation not limited to "a first offense for which [Obaretin] has affirmatively shown

that [he] committed the offense for the purpose of assisting, abetting, or aiding only

[his] spouse, child, or parent (and no other individual) to violate a provision of

[Chapter 12 of Title 8]," 8 U.S.C. § 1101(a)(43)(P); *see* Dkt. No. 11 at 11-17

(superseding information). His violation therefore qualifies as an aggravated felony

and subjects him to deportation under 8 U.S.C. § 1227(a)(2)(A)(iii) and mandatory

detention under 8 U.S.C. § 1226(c)(1)(B).

Obaretin has not shown how the mandatory detention provision does not apply here. And, insofar as he launches only a conclusory challenge to the constitutionality of Section 1226(c), *see* Dkt. No. 3 at 6; Dkt. No. 12, his remaining habeas claim should be denied. The United States Supreme Court has determined that the statute is facially constitutional. *See Demore*, 538 U.S. at 528. And Obartein remains in removal proceedings. *See Jennings*, 138 S. Ct. at 846 ("[B]y allowing aliens to be released 'only if' the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute. And together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.' § 1226(a)."); *see, e.g.*, *Sarres Mendoza v. Barr*, Civ. A. No. H-18-3012, 2019 WL 1227494, at *4 (S.D. Tex. Mar. 15, 2019) ("It appears that Petitioner's prior Texas conviction for aggravated robbery qualifies him for mandatory detention under § 1226(c)(1)(B), because it is an offense that is deportable as an aggravated felony under § 1227(a)(2)(A)(iii). There is no limit on the length of detention under § 1226(c), subject to the conclusion of removal proceedings." (citing *Jennings*, 138 S. Ct. at 846-47; citation and footnote omitted)); *cf. Alexis*, 2018 WL 5921017, at *7 ("[*Demore*] and *Jennings* make clear that a petitioner may bring as-applied challenges to § 1226(c), and that at least six months of detention is lawful. That detention, however, cannot be indefinite and must end when removal proceedings are concluded." (citing

*Jennings*, 138 S. Ct. at 846; *Demore*, 538 U.S at 530)).

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 3, 2021

 

 

 

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE